# EXHIBIT A

ELECTRONICALLY FILED - 2021 Sep 10 3:28 PM - YORK - COMMON PLEAS - CASE#2021CP4602793

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| YORK COUNTY ) | Case No.: |
| ) | **SUMMONS** |
| Barbara Howard, an individual; ) | |
| Plaintiff, ) | **(Jury Trial Requested)** |
| v. ) | |
| CMPH Forest Ridge, LLC, a business ) entity; and DOES I-5 whose identities ) are currently unknown; ) | |
| Defendant. ) | |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Summons and Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your answer to said Summons and Complaint on the subscribed at his office at 197 S. Herlong Avenue, P.O. Box 36365, Rock Hill, SC 29732, within (30) days after the service hereof, exclusive of the day of such service; and, if you fail to answer the Summons and Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Complaint.

Respectfully submitted,

s/*Kevin C. Corrigan*
Kevin C. Corrigan, Bar #104109
Schiller & Hamilton, LLC
P.O. Box 36365
Rock Hill, SC 29732
Utility: (803) 366-0333
Facsimile: (803) 366-0339

This 10th day of September, 2021               ccorrigan@schillerhamilton.com

1

ELECTRONICALLY FILED - 2021 Sep 10 3:28 PM - YORK - COMMON PLEAS - CASE#2021CP4602793

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> YORK COUNTY ) <br> ) <br> ) <br> ) <br> Barbara Howard, an individual; ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CMPH Forest Ridge, LLC, a business ) <br> entity; and DOES I-5 whose identities ) <br> are currently unknown; ) <br> ) <br> ) <br> Defendant. ) <br> ) | IN THE COURT OF COMMON PLEAS <br><br> Case No.: <br><br> **COMPLAINT** <br><br> **(Jury Trial Requested)** |

NOW COMES the above-named Plaintiff, complaining of the above-named Defendant, and alleging and showing unto this Honorable Court as follows:

1. Plaintiff Barbara Howard is a citizen and resident of York County, South Carolina.

2. Defendant CMPH Forest Ridge, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of a foreign state and owning the housing complex Forest Ridge Apartment Homes in Fort Mill, South Carolina.

3. At all times mentioned herein, Plaintiff resided in a housing unit within the Forest Ridge Apartment Homes, the address of Plaintiff's housing unit being 2014 Forest Ridge Drive, Fort Mill, SC 29715.

4. Venue is proper in York County as all acts, omissions and events giving rise to this action occurred in York County.

5. On or about December 28, 2019, Plaintiff was injured while walking on the sidewalk outside of her housing unit within the Forest Ridge Apartment Homes.

2

6. The premises of the Forest Ridge Apartment Homes, and specifically the sidewalk on which Plaintiff was injured, was at all times mentioned herein owned by Defendant.

7. The portion of the sidewalk over which Plaintiff fell was uneven and raised at the time of Plaintiff's fall. The portion of the sidewalk over which Plaintiff fell was warped and raised several inches and Plaintiff tripped over such raised and uneven portion.

8. Plaintiff was severely injured, has incurred expenses for the services of medical providers, has lost wages, and has suffered damages described more fully below as a result of her fall that is the subject of this action.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Premise Liability)

9. Plaintiff repeats and realleges each and every allegation of the proceeding paragraphs as if fully set forth herein verbatim.

10. At all times mentioned herein, Defendant had legal ownership of the Forest Ridge Apartment Homes and the premises within, including the subject sidewalk, and had the legal duty of care as the owner of such property to maintain the subject sidewalk in a reasonably safe condition.

11. At the time of Plaintiff's fall described more fully above, Plaintiff held the status of an invitee.

## DUTY OWED TO PLAINTIFF BY DEFENDANT

12. As the owner of the premises on which the raised sidewalk was located, Defendant owed to Plaintiff the duty to exercise ordinary and reasonable care for her safety and owed Plaintiff the duty to use reasonable care to prevent Plaintiff from suffering bodily injury.

13. Defendant's duty to use reasonable care in preventing Plaintiff from suffering bodily injury includes the duty to exercise due care in discovering risks and the duty to take safety precautions to warn of or eliminate foreseeable unreasonable risks.

14. Defendant further had a duty to take reasonable steps to eliminate the dangerous condition that was the raised sidewalk regardless of whether Plaintiff was aware of the condition because the raised sidewalk was a dangerous condition that Defendant should have anticipated Plaintiff would encounter.

15. The degree of care required by Defendant was commensurate with the circumstances surrounding the dangerous condition. The location of trees and fallen leaves surrounding the raised sidewalk, the location of the raised sidewalk itself, and the age of Plaintiff were circumstances that required Defendant to take reasonable steps to eliminate the foreseeable risk of harm that the raised sidewalk created and which Defendant anticipated or should have anticipated would result in Plaintiff suffering bodily injury.

<u>DEFENDANT'S BREACH OF DUTY</u>

16. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Defendant had actual knowledge of the dangerous condition and failed to eliminate the same.

17. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Plaintiff's injuries were caused by Defendant's specific acts or omissions in failing to remedy the dangerous condition of which it had actual knowledge

18. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Defendant further created the unreasonably dangerous

ELECTRONICALLY FILED - 2021 Sep 10 3:28 PM - YORK - COMMON PLEAS - CASE#2021CP4602793

condition by making inadequate and faulty repairs, which heightened the already unreasonable risk of harm and foreseeably created an even greater risk of injury to Plaintiff.

## PROXIMATE CAUSE AND DAMAGES

19. Plaintiff's injuries were a foreseeable, probable and natural result of the Defendant's breaches of duty described more fully above.

20. As a direct and proximate result of the Defendant's negligence described more fully above, Plaintiff:

    a. Was painfully injured;

    b. Incurred expenses for the services of medical providers;

    c. Endured past and present pain, suffering, and the loss of enjoyment of natural life;

    d. Will endure future pain, suffering, and the loss of enjoyment of natural life;

    e. Was subjected to extreme pain, mental anguish, suffering and discomfort over a long period of time;

    f. Will be subjected to future pain, mental anguish, suffering and discomfort;

    g. Experienced, and will continue to experience, physical impairment;

    h. Experienced, and will continue to experience, emotional distress, humiliation, embarrassment and anxiety;

    i. Was unable to work for an extended period and therefore suffered significant lost income;

    j. Was prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and

    k. Will continue to be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities.

ELECTRONICALLY FILED - 2021 Sep 10 3:28 PM - YORK - COMMON PLEAS - CASE#2021CP4602793

ELECTRONICALLY FILED - 2021 Sep 10 3:28 PM - YORK - COMMON PLEAS - CASE#2021CP4602793

21. On information and belief, Plaintiff is entitled to judgment against the Defendant for all actual, consequential, and special damages in an appropriate amount as determined by a jury. Plaintiff is further entitled to punitive damages for the willful, wanton and grossly negligent breaches of duty

WHEREFORE, Plaintiff prays and demands that judgment be entered against the Defendant for the damages described more fully above in an amount to be determined by a jury, for the costs incurred in bringing this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

s/*Kevin C. Corrigan*
Kevin C. Corrigan, Bar #104109
Schiller & Hamilton, LLC
P.O. Box 36365
Rock Hill, SC 29732
Utility: (803) 366-0333
Facsimile:  (803) 366-0339
ccorrigan@schillerhamilton.com

This 10th day of September, 2021

6

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> YORK COUNTY ) <br> ) <br> ) <br> ) <br> Barbara Howard, an individual; ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CMHP Forest Ridge, LLC, a business ) <br> entity; and DOES I-5 whose identities ) <br> are currently unknown; ) <br> ) <br> ) <br> Defendant. ) <br> ) | IN THE COURT OF COMMON PLEAS <br><br> Case No.: 2021CP4602793 <br><br> **AMENDED SUMMONS** <br><br> **(Jury Trial Requested)** |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to answer the Amended Summons and Complaint in this action, a copy of which is herewith served upon you and to serve a copy of your answer to said Amended Summons and Complaint on the subscribed at his office at 197 S. Herlong Avenue, P.O. Box 36365, Rock Hill, SC 29732, within (30) days after the service hereof, exclusive of the day of such service; and, if you fail to answer the Amended Summons and Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Amended Complaint.

                                                                                Respectfully submitted,

                                                                                  s/*Kevin C. Corrigan*
                                                                                  Kevin C. Corrigan, Bar #104109
                                                                                  Schiller & Hamilton, LLC
                                                                                  P.O. Box 36365
                                                                                  Rock Hill, SC 29732
                                                                                  Utility: (803) 366-0333
                                                                                  Facsimile: (803) 366-0339

This 14th day of September, 2021          ccorrigan@schillerhamilton.com

1

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>YORK COUNTY<br><br>Barbara Howard, an individual;<br><br>           Plaintiff,<br><br>v.<br><br>CMHP Forest Ridge, LLC, a business entity; and DOES I-5 whose identities are currently unknown;<br><br>           Defendant. | IN THE COURT OF COMMON PLEAS<br><br>Case No.: 2021CP4602793<br><br>**AMENDED COMPLAINT**<br><br>**(Jury Trial Requested)** |

NOW COMES the above-named Plaintiff, complaining of the above-named Defendant, and alleging and showing unto this Honorable Court as follows:

1. Plaintiff Barbara Howard is a citizen and resident of York County, South Carolina.

2. Defendant CMHP Forest Ridge, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of a foreign state and owning the housing complex Forest Ridge Apartment Homes in Fort Mill, South Carolina.

3. At all times mentioned herein, Plaintiff resided in a housing unit within the Forest Ridge Apartment Homes, the address of Plaintiff's housing unit being 2014 Forest Ridge Drive, Fort Mill, SC 29715.

4. Venue is proper in York County as all acts, omissions and events giving rise to this action occurred in York County.

5. On or about December 28, 2019, Plaintiff was injured while walking on the sidewalk outside of her housing unit within the Forest Ridge Apartment Homes.

6. The premises of the Forest Ridge Apartment Homes, and specifically the sidewalk on which Plaintiff was injured, was at all times mentioned herein owned by Defendant.

7. The portion of the sidewalk over which Plaintiff fell was uneven and raised at the time of Plaintiff's fall. The portion of the sidewalk over which Plaintiff fell was warped and raised several inches and Plaintiff tripped over such raised and uneven portion.

8. Plaintiff was severely injured, has incurred expenses for the services of medical providers, has lost wages, and has suffered damages described more fully below as a result of her fall that is the subject of this action.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Premise Liability)

9. Plaintiff repeats and realleges each and every allegation of the proceeding paragraphs as if fully set forth herein verbatim.

10. At all times mentioned herein, Defendant had legal ownership of the Forest Ridge Apartment Homes and the premises within, including the subject sidewalk, and had the legal duty of care as the owner of such property to maintain the subject sidewalk in a reasonably safe condition.

11. At the time of Plaintiff's fall described more fully above, Plaintiff held the status of an invitee.

DUTY OWED TO PLAINTIFF BY DEFENDANT

12. As the owner of the premises on which the raised sidewalk was located, Defendant owed to Plaintiff the duty to exercise ordinary and reasonable care for her safety and owed Plaintiff the duty to use reasonable care to prevent Plaintiff from suffering bodily injury.

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

13. Defendant's duty to use reasonable care in preventing Plaintiff from suffering bodily injury includes the duty to exercise due care in discovering risks and the duty to take safety precautions to warn of or eliminate foreseeable unreasonable risks.

14. Defendant further had a duty to take reasonable steps to eliminate the dangerous condition that was the raised sidewalk regardless of whether Plaintiff was aware of the condition because the raised sidewalk was a dangerous condition that Defendant should have anticipated Plaintiff would encounter.

15. The degree of care required by Defendant was commensurate with the circumstances surrounding the dangerous condition. The location of trees and fallen leaves surrounding the raised sidewalk, the location of the raised sidewalk itself, and the age of Plaintiff were circumstances that required Defendant to take reasonable steps to eliminate the foreseeable risk of harm that the raised sidewalk created and which Defendant anticipated or should have anticipated would result in Plaintiff suffering bodily injury.

DEFENDANT'S BREACH OF DUTY

16. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Defendant had actual knowledge of the dangerous condition and failed to eliminate the same.

17. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Plaintiff's injuries were caused by Defendant's specific acts or omissions in failing to remedy the dangerous condition of which it had actual knowledge

18. Defendant carelessly, negligently, recklessly and willfully breached the duty of care described more fully above because Defendant further created the unreasonably dangerous

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

condition by making inadequate and faulty repairs, which heightened the already unreasonable risk of harm and foreseeably created an even greater risk of injury to Plaintiff.

PROXIMATE CAUSE AND DAMAGES

19. Plaintiff's injuries were a foreseeable, probable and natural result of the Defendant's breaches of duty described more fully above.

20. As a direct and proximate result of the Defendant's negligence described more fully above, Plaintiff:

    a. Was painfully injured;
    b. Incurred expenses for the services of medical providers;
    c. Endured past and present pain, suffering, and the loss of enjoyment of natural life;
    d. Will endure future pain, suffering, and the loss of enjoyment of natural life;
    e. Was subjected to extreme pain, mental anguish, suffering and discomfort over a long period of time;
    f. Will be subjected to future pain, mental anguish, suffering and discomfort;
    g. Experienced, and will continue to experience, physical impairment;
    h. Experienced, and will continue to experience, emotional distress, humiliation, embarrassment and anxiety;
    i. Was unable to work for an extended period and therefore suffered significant lost income;
    j. Was prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities; and
    k. Will continue to be prevented from attending to Plaintiff's usual and ordinary social and domestic activities and/or responsibilities.

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

21. On information and belief, Plaintiff is entitled to judgment against the Defendant for all actual, consequential, and special damages in an appropriate amount as determined by a jury. Plaintiff is further entitled to punitive damages for the willful, wanton and grossly negligent breaches of duty.

WHEREFORE, Plaintiff prays and demands that judgment be entered against the Defendant for the damages described more fully above in an amount to be determined by a jury, for the costs incurred in bringing this action, and for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

s/*Kevin C. Corrigan*
Kevin C. Corrigan, Bar #104109
Schiller & Hamilton, LLC
P.O. Box 36365
Rock Hill, SC 29732
Utility: (803) 366-0333
Facsimile: (803) 366-0339
ccorrigan@schillerhamilton.com

This 14th day of September, 2021

ELECTRONICALLY FILED - 2021 Sep 14 10:41 AM - YORK - COMMON PLEAS - CASE#2021CP4602793

# AFFIDAVIT OF SERVICE

| Case: 2021CP4602793 | Court: Court of Common Pleas Sixteenth Judicial Court | County: York, SC | Job: |
|---|---|---|---|
| Plaintiff / Petitioner: Barbara Howard | | Defendant / Respondent: CMHP Forest Ridge, LLC | |
| Received by: T R Kennedy | | For: Bernard Investigations | |
| To be served upon: CMHP Forest Ridge, LLC | | | |

I, Theodore (Ted) Kennedy, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Registered Agent Corporation Service Company for CMHP Forest Ridge, LLC, 508 Meeting St, West Columbia, SC 29169

**Manner of Service:** Registered Agent, Sep 14, 2021, 1:05 pm EDT

**Documents:** Amended Summons (Jury Trial Requested), Amended Complaint (Jury Trial Requested).pdf (Received Sep 14, 2021 at 11:24am EDT)

**Additional Comments:**
1) Successful Attempt: Sep 14, 2021, 1:05 pm EDT at 508 Meeting St, West Columbia, SC 29169 received by Registered Agent Corporation Service Company for CMHP Forest Ridge, LLC. Ethnicity: Caucasian; Gender: Male; Weight: 150; Height: 5'8"; Hair: Brown; Eyes: Brown; Other: Registered Agent Corporation Service Company;
I went to the 508 Meeting Street, West Columbia, SC. I met with Trey Williams. He accepted service of the documents. Documents served on Registered Agent Corporation Service Company.

Theodore (Ted) Kennedy    Date: September 14, 2021
3101
T R Kennedy

Subscribed and sworn to before me by the affiant who is personally known to me.

Michelle Brailey Kennedy
Notary Public

Date: 09-14-2021    Commission Expires: 03-29-2028

